Minute Order Form (06/97)

# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Philip G. Reinhard | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 02 C 50393 | **DATE** | 11/19/2003 |
| **CASE TITLE** | A. R. vs. TAYLOR | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]

(2) ☐ Brief in support of motion due _____.

(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.

(4) ☐ Ruling/Hearing on _____ set for _____ at _____.

(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(7) ☐ Trial[set for/re-set for] on _____ at _____.

(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.

(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to] ☐ FRCP4(m) ☐ General Rule 21 ☐ FRCP41(a)(1) ☐ FRCP41(a)(2).

(10) ■ [Other docket entry] For the reasons stated on the reverse Memorandum Opinion and Order, Counts I, VI and VII are dismissed with prejudice. Counts VIII and IX are dismissed without prejudice. Counts II, III, V, VI and X-XV are not dismissed. The District, Cook, Gilsen, Greenfield, Schneidermann, Barber, Williams, Wiederholtz, Brooks, Kern, Hageman, Taylor and Corpus are dismissed with prejudice under counts II, III, VI, XIV and XV. The parties are directed to appear before the magistrate within thirty days to schedule a settlement conference or arrange for mediation.

(11) ■ [For further detail see order on the reverse side of the original minute order.]

| | No notices required, advised in open court. | | | |
|---|---|---|---|---|
| | No notices required. | | number of notices | Document Number |
| | Notices mailed by judge's staff. | | NOV 19 2003 | |
| | Notified counsel by telephone. | | date docketed | |
| ✓ | Docketing to mail notices. | | | |
| | Mail AO 450 form. | U.S. DISTRICT COURT CLERK | docketing deputy initials | |
| ✓ | Copy to judge/magistrate judge. | 03 NOV 19 PM 3:31 | NOV 19 2003 date mailed notice | |
| /SEC | courtroom deputy's initials | Date/time received in central Clerk's Office | mailing deputy initials | |

# MEMORANDUM OPINION AND ORDER

Plaintiffs, Alex R., a minor, by his mother and next friend, Beth R. and Beth R. in her individual capacity, filed a fifteen-count amended complaint against defendants, Forrestville Valley Community Unit School District # 221, and the following people in their individual capacities, Lowell Taylor, Richard Corpus, Becky McCoy, Denise Cheek, Kelli Joy, Beverly Stearns, Tom Brooks, Steve Greenfield, Don Cook, Krista Carlson, Randy Scheiderman, Louanne Vedra Gilsen, Russell Williams, Anne Barber, Fred Wiederholtz, Ron Kern and Mike Hagemann. Jurisdiction is based on 28 U.S.C. § 1331, as counts I through IX are premised on 42 U.S.C. § 1983, with supplemental jurisdiction over the state law claims advanced in counts X through XV pursuant to 28 U.S.C. § 1367 (a). Defendants move to dismiss pursuant to Fed. R. Civ. P. 12 (b) (6).

At the outset, the court notes that Count VII is premised on defendant's failing to provide Alex with a free appropriate public education ("FAPE") in violation of the Individuals with Disabilities Education Act ("IDEA"), 20 U.S.C. § 1400 et seq. The court, in reversing a decision by a state special education hearing officer concerning Alex, has previously found that Alex was not denied a FAPE. Accordingly, defendants' motion to dismiss Count VII is granted.

Count I asserts that Beth was deprived a liberty interest in her relationship with her child. She alleges the defendants treatment of Alex caused him lasting trauma which injured her relationship with him. Parents may have a substantive due process claim for the death of a child, e.g., Bell v. City of Milwaukee, 746 F.2d 1205 (7th Cir. 1984), or when the state removes a child from the parent's custody, e.g., M.L.B. v. S.L.J., 519 U.S. 102 (1996). Beth asks the court to allow a claim in a situation where the child is, in effect, emotionally withdrawn from the parent due to government action. The court is unwilling to extend a substantive due process claim to a parent on the facts alleged in the complaint. Count I is dismissed.

Counts II and III allege Alex was denied a liberty interest to be free from bodily restraint and from the infliction of pain when he was restrained on October 2 and October 11, 2001, by defendants McCoy, Stearns, Joy and Cheek and kicked by Cheek. At least in circumstances where the restraint or infliction of pain is not intended as a punishment, see Ingraham v. Wright, 430 U.S. 651 (1977), a student does not have a Fourteenth Amendment due process claim for being unlawfully restrained or struck. The student's claim, if any, is under the Fourth Amendment for an unreasonable seizure. See Wallace v. Batavia Sch. Dist. 101, 68 F.3d 1010, 1013-1015 (7th Cir. 1995) The standard is whether the restriction of liberty was "unreasonable under the circumstances then existing and apparent." Id., at 1014. Plaintiff is not obligated to plead legal theories. McCullah v. Gadert, 344 F.3d 655, 659 (7th Cir. 2003). Plaintiff has sufficiently stated a claim under the Fourth Amendment.

Count IV alleges the school district, Taylor, Corpus, McCoy, and Carlson violated Alex's Fourteenth Amendment due process rights when their actions and omissions endangered him and when they failed to intervene on October 26, 2001, when Alex left the school building, entered a cornfield and was lost for several hours, eventually being found in a river. The state does not have a constitutional duty under the Due Process Clause to protect people from themselves or others unless the state has a special custodial relationship with the person or if the state created the danger. Martin v. Shawano-Gresham Sch. Dist., 295 F.3d 701, 708 (7th Cir.), cert. denied, 537 U.S. 1047 (2002). Schools do not have a special custodial relationship with students. Id., at fn. 6. To fall within the state created danger exception, the state must have created or substantially contributed to the creation of a danger or made a person more vulnerable to a danger than he would have been otherwise. Id., at 708. Alex's claim does not fall within this exception. The acts and omissions alleged only indicate a failure to restrain or have a plan for restraining Alex. The Due Process Clause does not provide a right to be restrained. Id. at 709. Count IV is dismissed.

Count V alleges a substantive due process violation for disclosure of student information by Taylor. Taylor moves to dismiss based on qualified immunity. A court, in considering qualified immunity, must first determine whether the facts alleged show a constitutional violation and if so whether the right violated was clearly established. Saucier v. Katz, 533 U.S. 194, 201 (2001). Alex alleges disclosure to the sheriff's office and also that Taylor "wrote and spoke to members of the community revealing confidential information regarding this child." Plaintiff cites the Family Educational Rights and Privacy Act ("FERPA") in support of this claim but the Supreme Court has held FERPA does not create a personal right to enforcement under Section 1983. Gonzaga Univ. v. Doe, 536 U.S. 273, 276 (2002). Plaintiff also cites the IDEA, 20 U.S.C. §§ 1412 (a) (8) and 1417 (c), and 34 C.F.R. 300.572 as creating a right to nondisclosure which forms a basis for a section 1983 action. Section 1415 (l) (formerly 1415 (f)) of the IDEA allows a Section 1983 action as a remedy for beneficiaries under the statute when it states that nothing in the act should be construed to limit any rights or remedies available under the Constitution or federal laws protecting the rights of children with disabilities. Marie O. v. Edgar, 131 F.3d 610, 621 (7th Cir. 1997). Disclosure in violation of the IDEA may be the basis of a claim under section 1983. See Sean R. v. Bd of Educ. of the Town of Woodbridge, 794 F. Supp. 467, 469-70 (D. Conn. 1992). The right to nondisclosure was clearly established at the time Taylor is alleged to have acted. Qualified immunity is not a basis to dismiss this claim at this time.

Count VI asserts Alex was denied equal protection of the laws in violation of the Fourteenth Amendment. Disabled individuals are protected by the Equal Protection Clause and government action related to them is subject to rational basis review. See Stevens v. Illinois Dept. of Transp., 210 F.3d 732, 737-38 (7th Cir. 2000) cert. denied, 531 U.S. 1190 (2001). The state may not discriminate against disabled persons in an irrational manner or for an illegitimate reason. Id. Alex alleges he was subjected to unlawful physical restraint and harassment because he was disabled and that nondisabled students were not subjected to the same treatment. These allegations are sufficient to state a claim for an equal protection violation.

Count VIII alleges violation of the Rehabilitation Act ("RA"), 29 U.S.C. § 794, and Count IX alleges violation of the Americans with Disabilities Act ("ADA"), 42 U.S.C. § 12101 et seq. The RA and the ADA are generally interpreted similarly. See Discovery House, Inc. v. Consol. City of Indianapolis, 319 F.3d 277, 279 (7th Cir.), cert. denied, __ U.S. __, 2003 WL 21750664 (Oct. 6, 2003). Plaintiff asserts these violations provide a basis for liability under section 1983. While the ADA and RA may not preclude a section 1983 action on facts that would fall within the coverage of those acts where the § 1983 claim is based on a constitutional rather than statutory violation, see id. at 281, here the violations alleged are statutory. Accordingly, Counts VIII and IX are dismissed without prejudice. Plaintiff may replead a cause of action under the ADA and RA within 30 days.

Defendants move to dismiss counts I through IX against the District for failure to meet the requirements of Monell v. New York City Dept. of Social Services, 436 U.S. 658 (1978), in that plaintiffs have not plead facts to establish any injury to Alex resulted from an official policy or custom and usage of the District. Because, the complaint does not explain how the District maintained a policy or custom that was directed at unlawfully restraining him, disclosing information about him, or subjecting him to unequal treatment on account of his disability, it fails to state a claim against the District. See Horowitz v. Bd of Educ. of Avoca Sch. Dist. No. 37, 260 F.3d 602, 620 (7th Cir. 2001). Similarly, the allegations against the school board members in their individual capacities and against Taylor (except for count V) and Corpus are insufficient to state federal claims against them because a section 1983 action cannot be based on *respondeat superior*. Gossmeyer v. McDonald, 128 F.3d 481, 495 (7th Cir. 1997). Plaintiffs concede that punitive damages are not recoverable against the District so all requests for punitive damages against the District are stricken. The remaining defendants (Cheek, McCoy, Stearns and Joy) on the remaining federal counts (II, III, VI) are not entitled to qualified immunity at this stage. A set of facts could be proved that would render those defendants liable for violating a clearly established right.

Counts X through XV assert various state law claims. Defendants move to dismiss these counts based on §§ 4-102 and 2-201 of the Illinois Local Governmental and Governmental Employees Tort Immunity Act. 745 ILCS 10/2-201, 4-102. Section 2-201 provides "a public employee serving in a position involving the determination of policy or the exercise of discretion is not liable for an injury resulting from his act or omission in determining policy when acting in the exercise of such discretion even though abused." Section 4-102 provides in part "[n]either a local public entity nor a public employee is liable for . . . failure to prevent the commission of crimes . . . ." For section 2-201 to apply, the government employee's act or omission must be "both a determination of policy and an exercise of discretion." Harrison v. Hardin County Cmty. Unit Sch. Dist. No. 1, 758 N.E. 2d 848, 852 (Ill. 2001). The immunity provided covers wilful and wanton acts as well as negligence. D.M. v. Nat'l Sch. Bus Serv., Inc., 713 N.E.2d 196, 201 (Ill App.1999). It cannot be said at this stage that § 2-201 necessarily applies to defendants' actions at issue in counts X through XV. The various actions alleged may or may not be either a determination of policy, an exercise of discretion or both. Since an action must be both to qualify for § 2-201's immunity, the applicability of immunity under this section must await further proceedings. Defendants' assertion of § 4-102 immunity is misplaced. Plaintiffs are not seeking to hold defendants liable for failing to prevent a crime. Plaintiffs are asserting a failure to supervise and various intentional torts.

Defendants seek dismissal of counts XIV and XV for failure to state a claim for intentional infliction of emotional distress. There does not appear to be a set of facts that could be proved to establish liability against the school board members or the district, however, plaintiffs have met the federal pleading requirement of giving defendants fair notice of what plaintiffs' claim is and the grounds on which it rests as to the other defendants. See Swierkiewicz v. Sorema N. A., 534 U.S. 506, 512 (2002).

Accordingly, Counts I, VI and VII are dismissed with prejudice. Counts VIII and IX are dismissed without prejudice. Counts II, III, V, VI and X-XV are not dismissed. The District, Cook, Gilsen, Greenfield, Schneidermann, Barber, Williams, Wiederholtz, Brooks, Kern, Hageman, Taylor and Corpus are dismissed with prejudice under counts II, III, VI, XIV and XV. The parties are directed to appear before the magistrate within thirty days to schedule a settlement conference or arrange for mediation.